# RIMÔN LAW
www.rimonlaw.com

December 23, 2024

Via PACER
Hon. J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square, Courtroom 706
New York, New York 10007

Re:   *Lehrman, et al. v. Lovo, Inc.*, Case No. 24-cv-03770-JPO: **Request to Stay Discovery**

Dear Judge Oetken:

We represent defendant Lovo, Inc. ("Lovo") in the above-referenced action (the "Action"), and submit this letter motion in accordance with paragraphs 1(A) and 4(B) of Your Honor's Individual Practice Rules to request a stay of discovery pursuant to Fed. R. Civ. P. 26(c), and Local Rule 37.2, pending resolution of Defendant's Motion to Dismiss the Amended Class Action Complaint (the "Motion") (ECF 27-29) and/or, if the Court prefers, to request a conference to discuss this proposed stay.  Plaintiffs' counsel has informed us (after conferring) that Plaintiffs oppose this proposed stay of discovery.  No prior request for this relief has been previously made or denied.

A stay of discovery pending the Motion is warranted because: (a) the Motion is founded in law and presents substantial grounds to dismiss the entire Amended Class Action Complaint (ECF 22) and is likely to successfully dismiss all 16 causes of action  (at the very least, the Motion has done so for many causes of action); (b) discovery sought by Plaintiffs for the 16 causes of action is and will be broad and there will be tremendous burden in responding to it; for example, Plaintiffs only set of document requests (attached as Exhibit A) contains 47 burdensome document requests most of which seek broad categories of documents from 6+ years; and (c) there is little or no prejudice to Plaintiffs as the Motion will be fully briefed by January 31, 2025, discovery has just started with first requests for production of documents served on December 16 and no other discovery has occurred, despite the fact that the initial complaint was filed over six month ago in May 2024.

**Relevant Procedural Background:** The original 159 paragraph Complaint with 8 causes of action was filed on May 16, 2024 (ECF 1).  Lovo filed its original motion to dismiss the entire original complaint July 29 (ECF 16-17).  In response, rather than oppose that motion to dismiss, Plaintiffs on August 7 requested permission to file an amended complaint (ECF 18), which was granted.  A case Management Plan and Scheduling Order was entered on August 12 (ECF 21).  Plaintiffs filed the First Amended Complaint on September 25, which doubled the size of the original complaint and consists of 318 numbered paragraphs and sixteen causes of action (ECF 22).  Lovo then filed the Motion on November 25 to dismiss all sixteen causes of action.  Plaintiffs' opposition is due January 10, 2025 and Lovo's reply is due January 31 (ECF 24).  The parties exchanged Rule 26 disclosures on November 27 (per agreement) and served first sets of requests for production on each other on December 16.  No other discovery or activity has occurred in this Action.

**Amended Complaint:**   The Amended Class Action Complaint consists of 318 paragraphs and sixteen causes of action on behalf of two named plaintiffs (Mr. Lehrman and Ms. Sage), who allege that they are voice actors and who purport to represent a putative "Voice Actor Class," and a "John Doe" plaintiff (who improperly may be an actual anonymous person or a placeholder hypothetical plaintiff) who is purported to represent a putative "Consumer Class".  The main claims are that, in 2019 and 2020, Lehrman and Sage entered a "contract" via communications on a website called



"Fiverr" and uploaded a number of sound recordings of texts provided by anonymous individuals for money. These recordings then were allegedly used by Lovo to either (a) train its artificial intelligence and/or (b) create cloned artificial synthetic voices and/or (c) in a few isolated instances make a presentation. Plaintiffs claim that they registered copyrights for these recordings in 2024 after they filed the original complaint. Plaintiffs also allege that the hypothetical or anonymous John Doe used Lovo's service and was misled to believe that Lovo had the rights to the voices it used when it did not have such rights. These are the main factual allegations underlying Plaintiffs' 16 claims for the purported violations of the following statutes and/or common law claims: (a) New York Civil Rights Law Sections 50/51; (b) New York GBL 349/350 (four claims); (c) Lanham Act Unfair Competition and False Affiliation; (d) Lanham Act False Advertising; (e) Unjust Enrichment (two claims); (f) Conversion; (g) Fraud; (h) Breach of Contract; (h) Copyright Infringement (two claims); (i) Contributory Copyright Infringement; and (k) Unfair Competition.

**Legal Standard for a Stay of Discovery:** "A district court has discretion to stay discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon a showing of good cause." *Hertz Glob. Holdings, Inc. v. Nat. Union Fire Ins. Co. of Pittsburgh*, 2020 WL 6642188, at *1 (S.D.N.Y. Nov. 12, 2020) (Oetken, J.) (citation omitted); *see also Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay) (*citing* Fed. R. Civ. P. 26(c)(1)). "[I]n some circumstances, a pending motion to dismiss may constitute good cause for a protective order staying discovery." *Gross v. Madison Square Garden Ent. Corp.*, 2023 WL 6815052, at *1 (S.D.N.Y. Oct. 17, 2023) (citation omitted) (granting stay); *see also Delana Brandon, et al. v. Sensio, Inc.*, 2024 WL 5168408, at *1 (S.D.N.Y. Dec. 19, 2024) (same); *Ruilova v. 443 Lexington Ave, Inc.,* 2020 WL 8920699, at *1 (S.D.N.Y. Mar. 20, 2020) (same); *Boelter v. Hearst Communications, Inc.,* 2016 WL 361554, at *3 (S.D.N.Y. Jan. 28, 2016) (same for class action). Courts typically consider "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay" when evaluating such a motion. *Hertz,* 2020 WL 6642188, at *1 (quotation omitted). However, the law does not "necessarily require satisfaction of all [three] prongs in order to obtain a stay. They should all merely be considered in making the 'good cause' determination". *Gross,* 2023 WL 6815052, at *2 n.1.

**The Pending Motion Warrants a Stay of Discovery:** Courts have used different language to describe the necessary showing regarding the "strength" of a pending motion to dismiss necessary to warrant a stay. Notably, this does not require a prediction about the outcome of the motion. *See, e.g., Dunning v. Supergoop, LLC,* 2024 WL 2326082, at *1 (S.D.N.Y. May 22, 2024) ("while the Court takes no position on how it will ultimately rule on Defendant's motion to dismiss and awaits Plaintiffs' opposition, Defendant appears to raise colorable, threshold challenges"); *see also Izuogu v. Credit Agricole Corp. & Inv. Bank*, 2024 WL 4903723, at *1 (S.D.N.Y. Nov. 27, 2024) ("I do not, by this conclusion, predict the outcome of the motion, . . . which is not yet fully briefed."); *Alapaha View Ltd. v. Prodigy Network, LLC*, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) ("While not addressing the merits of PSIM's motion to dismiss, after an initial review, . . . [the] motion to dismiss cuts in favor of a stay"); *Valentini v. Grp. Health Inc.*, 2021 WL 861275, at *1 (S.D.N.Y. Mar. 8, 2021) (granting stay and explaining that "the Court does not prejudge the merits of this case"). Some courts have articulated that a motion "cuts in favor of a stay because it . . . appears not to be unfounded in the law." *Del Mar TIC I, LLC v. Bancorp Bank*, 2024 WL 1348501, at *1 (S.D.N.Y. Mar. 29, 2024) (quoting *Alapaha*, 2021 WL 1893316, at *2; *see also Izuogu,* 2024 WL 4903723, at *1 (granting stay, as motion is "not unfounded in the law"); *Negrete v. Citibank, N.A.,* 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015) ("appears to be not unfounded

Case 1:24-cv-03770-JPO    Document 30    Filed 12/23/24    Page 3 of 5



in the law"); *Integrated Sys. & Power, Inc.*, 2009 WL 2777076, at *1 (same). Other courts have found a stay because "while plaintiffs may ultimately prevail, 'the viability of [their] claims is in at least some doubt'" (*Gross*, 2023 WL 6815052, at *2 (quoting *Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015)) or since the motion to dismiss "do[es] not appear to be without foundation in law" (*Felberbaum v. LVNV Funding LLC*, 2022 WL 493501, at *2 (S.D.N.Y. Feb. 17, 2022)); *see also Kershaw v. New York Life Insurance Company*, 2024 WL 3876398, at *1 (S.D.N.Y. Aug. 20, 2024) (granting stay as "[w]ithout expressing any opinion on the outcome of the Defendant's motion to dismiss, I note that it raises a legitimate, non-frivolous argument"). Yet other courts explain that the motion needs to demonstrate "substantial arguments for dismissal". *Gross,* 2023 WL 6815052, at *1 (quoting *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018)); *see also Brandon,* 2024 WL 5168408, at *1 (granting stay as defendant presented "substantial arguments for dismissal" of class action complaint); *Lu v. Cheer Holding, Inc.*, 2024 WL 1718821, at *2 (S.D.N.Y. Apr. 19, 2024) (same); *Broccoli v. Ashworth*, 2023 WL 6795253, at *2 (S.D.N.Y. Oct. 11, 2023) (same). Also, many courts consider as an additional factor favoring a stay whether the motion "would dispose of the entire action". *Del Mar,* 2024 WL 1348501, at *1; *see also Alapaha*, 2021 WL 1893316, at *2 (granting stay as motion to dismiss was "potentially dispositive").

Here, the Motion clearly favors a stay. It seeks to dismiss the entire complaint; it is founded in the law citing to relevant caselaw from this Circuit and state courts and raises substantial arguments in favor of dismissal. While all those arguments can be found in the Motion itself, we summarize here many of the main substantial arguments: (i) the "John Doe" plaintiff claims fail because plaintiffs cannot be hypothetical at all or anonymous without court approval and there are not sufficient particular allegations about John Doe; (ii) the New York Civil Rights Law claims fail because the statutes do not cover alleged "digital replicas" of *still living* humans, and Plaintiffs have not alleged actionable conduct all and certainly not within the one-year statute of limitations; (iii) the GBL claims fail as they are outside the statute of limitations, do not allege consumer-oriented behavior or that there is a cognizable injury; (iv) the Lanham Act claims fail because there is no trademark, "voice" itself is not trademarkable outright and the voices are not identified or connected to Plaintiffs, there is no standing for the false advertising claim or any false or misleading statements that were widely dissemination; (v) the unjust enrichment claim fails as it is preempted and duplicative; (vi) the conversion fails since a "voice" is not a tangible thing which can be converted, plaintiffs never possessed their recordings or alleged that they were excluding from using them; (vii) the fraud claim is not adequately alleged with sufficient particularity and is nothing more than a claim of a future intent not to perform a contract which is legally insufficient to constitute fraud; (viii) the breach of contract claim fails as it does not sufficiently allege a binding and enforceable contract; and (ix) the copyright claim fails since Lovo had a license via the Fiverr terms of service, the copyrights were not registered prior to filing the original complaint and the elements of direct infringement are not adequately alleged and there can be no contributory infringement without direct infringement; and (x) the common law unfair competition claim lacks a colorable pleading of "bad faith," and is not otherwise adequately alleged.

This is more than sufficient to warrant good cause for a discovery stay. *See, e.g., Gross*, 2023 WL 6815052, at *2 (granting stay as movant "raised substantial arguments as to whether plaintiffs have adequately pled all the elements of a violation of" various statutory claims, including "significant issues as to whether plaintiffs' claims under the New York Civil Rights Laws are well-founded, including whether at least some are time-barred, and whether MSG has used plaintiffs' information for advertising or trade or any commercial appropriation"); *Brandon,* 2024 WL 5168408, at *2

3 | P A G E



(granting stay); *Izuogu*, 2024 WL 4903723, at *1 (granting stay); *Dunning,* 2024 WL 2326082, at *1 (same); *Lu,* 2024 WL 1718821, at *2 (same); *Portkey Techs. Pte Ltd. v. Venkateswaran,* 23-cv-5074-JPO, ECF 31, 42 (S.D.N.Y. May 3, 2024) (J. Oetken) (granting stay); *Patel v. New York Life Ins. Co.*, 2011 WL 6778545, at *1 (S.D.N.Y. Dec. 20, 2011) (J. Oetken) (same).

Also, many courts have granted a stay if only "several" claims are founded in law. *Izuogu,* 2024 WL 4903723, at *1; *Magee v. Walt Disney Co.,* 2020 WL 8815489, at *1 (S.D.N.Y. June 10, 2020) (motion may result in dismissing "many, if not all, of the claims asserted in this lawsuit"); *HAHA Glob., Inc. v. Barclays*, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (same); *Trustees of New York City Dist. Council of Carpenters Pension Fund v. Showtime on Piers LLC,* 2019 WL 6912282, at *1 (S.D.N.Y. Dec. 19, 2019) (same); *Heredia v. Americare, Inc.,* 2018 WL 11579756, at *2 (S.D.N.Y. May 1, 2018) (same). Here, this is particularly true, as the 16 causes of action will require very different discovery. For example, the scope of permissible discovery is very different for a breach of contract claim than it is for a copyright claim and discovery for which itself is very different than for a claim for a violation of the New York Civil Rights law. Thus, here, the Court should only need to find that the Motion is sufficient for "several" or "many" claims to determine that "proceeding with discovery while the motion is pending would waste the parties' resources and wound constitute an undue burden". *HAHA,* 2020 WL 832341, at *1.

**The Breadth and Burden of Discovery Warrants a Stay:** The mere fact that the Amended Complaint has 359 paragraphs, and 16 causes of action demonstrates that the burden of discovery warrants a stay. *See, e.g., Richardson v. City of New York*, 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022) (granting stay where, *inter alia*, even though discovery requests had not yet been served, "the allegations are broad, discovery is also likely to be broad")*; see also Izuogu*, 2024 WL 4903723, at *1 ("The parties have not yet exchanged discovery requests, . . . However, the Complaint covers several incidents of alleged discrimination involving several individuals over an 18-month period."); *Felberbaum*, 2022 WL 493501, at *3 ("Should discovery be permitted, then Defendants will have to spend considerable time and money responding to discovery" when discovery had not yet been served); *Integrated Sys & Power, Inc.,* 2009 WL 2777076, at *1 (granting stay as "breadth of the discovery sought in this action will cover a six-year period"). This factor is heightened given that this is a putative class action. *See, e.g., Brandon,* 2024 WL 5168408, at *1-2 (satisfying "breadth and burden" because plaintiff sought to certify a nationwide class and "[c]onsequently, any discovery would be broad in scope"); *see also Sharma v. Open Door N.Y. Home Care Servs., Inc.,* 345 F.R.D. 565, 569 (E.D.N.Y. 2024) (discovery would be overly burdensome where "Plaintiff [ ] brought claims on behalf of herself and others similarly situated for the past three to six years").

In addition, here, Plaintiffs in their initial document request have shown that they will seek burdensome and broad discovery (and improper discovery likely requiring motion practice) even in this one set of initial requests. There are 47 document requests ("from 2018 to the present") almost all of which require "all" or "any" documents related to a broad category of documents (*e.g.,* Exhibit A, request 2, "All documents that describe the intended use, purpose, and capabilities of LOVO's voice generator"; request 24, "All marketing plans for Genny"; request 27, "All communications with subscribers"). This alone supports a stay of discovery. *See, e.g., Hertz,* 2020 WL 6642188, at *2 (stay warranted where one set of document requests sought "ten broad categories of documents" and were "expansive enough in its wording to impose significant discovery obligations on Defendants"); *see also Broccoli*, 2023 WL 6795253, at *2 (granting stay as "Plaintiffs' RFPs are substantial and impose significant discovery obligations on Defendants at

[an] early stage in the case[,]"); *Spira v. TransUnion, LLC*, 2023 WL 5664215, at *2 (S.D.N.Y. Sept. 1, 2023) (granting stay where burden on defendants because defendants "would expend significant time and resources reviewing, analyzing, and preparing documents to respond to Plaintiff's requests, including seeking a protective order from the Court").

But, here, these are not only overly broad but also seek sensitive and highly confidential information (*e.g.,* Exhibit A, request 39, "Any metadata or logs associated with the audio files or voice data, including timestamps, file names, and usage data that could help identify how and when Plaintiffs' voices were incorporated into the LOVO voice generator"; request 40, "All datasets, training materials, or test data used to train, refine, or improve Genny, including any datasets containing Plaintiffs' voices, and any documentation related to the compilation, processing, or licensing of such data."). This is an additional independent reason to stay the discovery. *See, e.g., BAE Sys. Info. & Elec. Sys. Integration Inc. v. L3 Harris Cincinnati Elecs. Corp.*, 2023 WL 4187489, at *1 (S.D.N.Y. June 26, 2023) (granting stay as technical nature of discovery requested "means that a significant portion of discovery will include sensitive information from both parties and the United States Government'"); *see also Diatek Licensing LLC v. Estrella Media, Inc.*, 2022 WL 5108090, at *2 (S.D.N.Y. Oct. 4, 2022) (granting stay where "discovery would require it to produce 'documents relevant to the function of the accused technology'—including 'highly confidential source code'").

**There is No Prejudice to Plaintiffs:** There can be no prejudice to Plaintiffs from the requested stay. The case is procedurally in its infancy. The original Complaint was filed on May 16, 2024. Rather than respond to Lovo's initial motion to dismiss, Plaintiffs sought permission to file and voluntarily filed an Amended Complaint on September 25, 2024. Plaintiffs voluntarily agreed to the current discovery schedule which has discovery just starting now with initial requests for documents in December 2024. The only discovery activity at all that has occurred so far is the exchange of Rule 26 initial disclosures and the exchange of initial requests for production. The briefing on the motion to dismiss will be complete on January 31, 2025, five plus weeks from now. In these circumstances, courts have routinely granted stays and found no prejudice. *See, e.g., Gross,* 2023 WL 6815052, at *2 ("It is true that a stay of discovery will delay this lawsuit in certain respects. But this case is not even a year old, and '[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.'") (quoting *Spinelli*, 2015 WL 7302266, at *2); *Del Mar,* 2024 WL 1348501, at *2 ("a delay in discovery, without more, does not amount to unfair prejudice"); *Broccoli*, 2023 WL 6795253, at *2 (quoting *Gross,* 2023 WL 6815052, at *2); *Izuogu*, 2024 WL 4903723, at *2 ("a brief stay while the Court decides the pending motion to dismiss is not generally considered sufficiently prejudicial to warrant denying a stay of discovery"); *HAHA,* 2020 WL 832341, at *1 (similar).

Lovo, therefore, respectfully requests that the Court grant a stay of discovery pending a decision on the Motion for the reasons described above, or, if the Court deems it necessary, schedule a conference soon to discuss this request.

                                                    Respectfully,

                                                   */s/ Michael S. Lazaroff*
                                                   Michael S. Lazaroff

Cc: All counsel of record (via ECF)