# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

PAUL LEHRMAN and LINNEA SAGE, on behalf of themselves and all others similarly situated, and JOHN DOE and others similarly situated,

                    Plaintiffs,

          v.

LOVO, INC.,

                    Defendant.

Case No.: 1:24-cv-03770

Hon. J. Paul Oetken

## REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................... i

TABLE OF AUTHORITIES ........................................................................................... ii

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................... 1

    I.   New York Civil Rights Law Claim Should Be Dismissed .................................... 1

    II.  New York GBL § 349 and § 350 Claims Should Be Dismissed ........................... 4

    III. Lanham Act False Affiliation Claim Should Be Dismissed .................................. 6

    IV. Lanham False Advertising Claim Should Be Dismissed ...................................... 8

    V.  Unjust Enrichment Claim Should Be Dismissed ................................................. 10

    VI. Conversion Claim Should Be Dismissed ............................................................ 11

    VII. Fraud Claim Should Be Dismissed ..................................................................... 12

    VIII. Breach Of Contract Claim Should Be Dismissed ............................................... 12

    IX. Copyright Claims Should Be Dismissed ............................................................. 13

    X.   Unfair Competition Claim Should Be Dismissed ............................................... 15

CONCLUSION ............................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adson5th, Inc. v. Bluefin Media, Inc.*,
    2017 WL 2984552 (W.D.N.Y. 2017) ...................................................................................13

*Allen v. National Video, Inc.*,
    610 F. Supp. 612 (S.D.N.Y. 1985) ......................................................................................4

*Astroworks, Inc. v. Astroexhibit, Inc.*,
    257 F.Supp.2d 609 (S.D.N.Y. 2003) .................................................................................11

*Barbash v. STX Financing, LLC*,
    2020 WL 6586155 (S.D.N.Y. 2020) ...................................................................................2

*Beastie Boys v. Monster Energy Co.*,
    66 F. Supp. 3d 424 (S.D. N.Y. 2014) ..................................................................................7

*Casper Sleep, Inc. v. Mitcham*,
    204 F.Supp.3d 632 (S.D.N.Y. 2016) ...................................................................................5

*Champion v. Moda Operandi, Inc.*,
    561 F. Supp. 3d 419 (S.D.N.Y. 2021) .................................................................................7

*Church & Dwight Co. v. SPD Swiss Precision Disagnostics, GmBH*,
    843 F.3d 48 (2d Cir. 2016) ..................................................................................................9

*City of New York v. Smokes-Spirits.Com, Inc.*,
    12 N.Y.3d 616 (2009) ..........................................................................................................5

*Clark St. Wine & Spirits v. Emporos Sys. Corp.*,
    754 F. Supp. 2d 474 (E.D.N.Y. 2010) ..............................................................................11

*Cohen v. Herbal Concepts, Inc.*,
    63 N.Y.2d 379 (1984) ..........................................................................................................4

*Comolli v. Huntington Learning Ctrs., Inc.*,
    117 F.Supp.3d 343 (S.D.N.Y. 2015) ...................................................................................2

*Conopco Inc. v. Wells Enters., Inc.*,
    2015 WL 2330115 (S.D.N.Y. 2015) ...................................................................................9

*Danone, US, LLC v. Chobani*,
    LLC, 362 F. Supp. 3d 109 (S.D.N.Y. 2019) .......................................................................5

*Davis v. Dynata, LLC*,
    2023 WL 6216809 (D. Conn. 2023) .................................................................12, 13

*Edmondson v. RCI Hosp. Holdings, Inc.*,
    2021 WL 4499031 (S.D.N.Y. 2021) ...........................................................................3

*Facenda v. N.F.L. Films, Inc.*,
    542 F.3d 1007 (3d Cir. 2008)......................................................................................7

*Fair Hous. Just. Ctr., Inc. v. Cuomo*,
    2019 WL 4805550 (S.D.N.Y. 2019) ...........................................................................1

*Frost & Miller, LLP v. Heaven's Way Investment Trust, et. al.*,
    2024 WL 4648015 (S.D.N.Y. 2024)..........................................................................11

*Fung-Schwartz v. Cerner Corporation*,
    2018 WL 4386087 (S.D.N.Y. 2018)............................................................................5

*Gucci Amer., Inc. v. Duty Free Apparel, Ltd.*,
    277 F.Supp.2d 269 (S.D.N.Y. 2003)...........................................................................5

*Johnson v. UMG Recording, Inc.*,
    2024 WL 5278581 (S.D.N.Y. 2024)..........................................................................14

*Joint Stock Co. "Channel One Russia Worldwide" v. Russia TV Co.*,
    2019 WL 804506 (S.D.N.Y. 2019)............................................................................10

*Laufer Grp. Int'l, Ltd. v. Standard Furniture Mfg. Co., LLC*,
    2020 WL 4735123 (S.D.N.Y. 2020) ..........................................................................13

*Lexmark Intern., Inc. v. Static Control Components, Inc.*,
    572 U.S. 118 (2014)....................................................................................................7

*Lohan v. Take-Two Interactive Software, Inc.*,
    31 N.Y.3d 111 (2018) ............................................................................................3, 4

*Lopez v. BigCommerce, Inc.*,
    2017 WL 3278932 (S.D.N.Y. 2017)..........................................................................12

*Mayers v. Racino*,
    2024 WL 3729020 (S.D.N.Y. 2024)..........................................................................14

*Messenger v. Gruner Jahr Printing and Pub.*,
    208 F.3d 122 (2d Cir. 2000)........................................................................................1

*Midler v. Ford Motor Co.*,
    849 F.2d 460 (9th Cir.1988) .......................................................................................7

*Oliveira v. Frito–Lay, Inc.*,
   251 F.3d 56 (2d Cir. 2001).................................................................................................7

*Onassis v. Christian Dior-New York, Inc.*,
   472 N.Y.S.2d 254 (Sup. Ct. 1984), *aff'd*, 110 A.D.2d. 1095 (1985).........................................4

*Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A*,
   85 N.Y.2d 20 (1995) ........................................................................................................6

*Pearce v. Manhattan Ensemble Theater, Inc.*,
   528 F.Supp.2d 175 (S.D.N.Y. 2007)................................................................................11

*PharmacyChecker.com v. Nat'l Ass'n of Boards of Pharmacy*,
   629 F. Supp. 3d 116 (S.D.N.Y. 2022)...............................................................................8

*Picket Fence Preview, Inc. v. Zillow, Inc.*
   2023 WL 4852971 (2d Cir. 2023).....................................................................................9

*Portkey Techs. Pte Ltd. v. Venkateswaran*,
   2024 WL 3487735 (S.D.N.Y. 2024)...............................................................................7, 8

*Red Rock Sourcing LLC v. JGX LLC*,
   2024 WL 1243325 (S.D.N.Y. 2024)..................................................................................9

*Rescue.com Corp. v. Google, Inc.*,
   562 F.3d 123 (2d Cir. 2009).............................................................................................9

*Restellini v. Wildenstein Plattner Institute, Inc.*,
   2021 WL 4340824 (S.D.N.Y. Sept. 22, 2021).................................................................10

*Sandoval v. Uphold HQ Inc.*,
   2024 WL 1313826 (S.D.N.Y. 2024)................................................................................11

*Securitron Magnalock Corp. v. Schnabolk*,
   65 F.3d 256 (2d Cir. 1995)............................................................................................5, 6

*Sheiner v. Supervalu Inc.*,
   2024 WL 2803030 (S.D.N.Y. 2024)................................................................................11

*Stephano v. New Group Publications, Inc.*,
   98 A.D.2d 287 (1st Dept. 1984).......................................................................................2

*Tasini v. AOL, Inc.*,
   851 F.Supp.2d 734 (S.D.N.Y. 2012)................................................................................5

*In re Tether and Bitfinex Crypto Asset Litig.*,
   576 F. Supp. 3d 55 (S.D.N.Y. 2021)................................................................................5

*Thyroff v. Nationwide Mut. Ins. Co.*,
    8 N.Y.3d 283 (2007) ...................................................................................................11

*Tin Pan Apple, Inc. v. Miller Brewing Co.*,
    737 F. Supp. 826 (S.D.N.Y. 1990) ...............................................................................2

*Trombetta v. Novocin*,
    414 F. Supp. 3d 625 (S.D.N.Y. 2019)...........................................................................3

*Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.*,
    338 F.3d 127 (2d Cir. 2003)........................................................................................15

*Verschleiser v. Frydman, et. al.*,
    2023 WL 5835031 (S.D.N.Y. 2023) .............................................................................6

*Vitolo v. Mentor H/S Inc.*,
    426 F. Supp. 2d 28 (E.D.N.Y. 2006), *aff'd,* 213 F. App'x 16 (2d Cir. 2007).........................6

*Waits v. Frito-Lay, Inc.*,
    978 F.2d 1093 (9th Cir. 1992) ......................................................................................7

*Wilson v. Veritas Consulting Grp. Inc.*,
    2022 WL 4227145 (S.D.N.Y. Sept. 13, 2022) (Oetken, J.)..........................................2

*Wood v. Mutual Redevelopment Houses, Inc.*,
    2021 WL 4255054 (S.D.N.Y. 2021)..............................................................................5

*Zoll v. Ruder Finn, Inc.*,
    2004 WL 42260 (S.D.N.Y. 2004)..................................................................................3

*Zonis v. Grubman*,
    2022 WL 597447 (S.D.N.Y. Feb. 28, 2022)...............................................................14

**Statutes**

17 U.S.C. § 106(1), (2), (3), (6) ..............................................................................14, 15

17 U.S.C. § 114 (a), (b)....................................................................................................14

N.Y. Civ. Rights Law § 50 .............................................................................................1-4

N.Y. Civ. Rights Law § 50-f...............................................................................................3

N.Y. Civ. Rights Law § 51 .............................................................................................1-4

N.Y. Gen. Bus. Law § 349.........................................................................................4, 5, 11

N.Y. Gen. Bus. Law § 350................................................................................................4

Defendant Lovo, Inc. ("Defendant" or "Lovo") respectfully submits this reply brief in further support of its Motion to Dismiss ("Motion")[1] the Amended Class Action Complaint ("Complaint" or "AC") filed by plaintiffs Paul Lehrman and Linnea Sage ("Plaintiffs").

## INTRODUCTION

Plaintiffs in their Opposition to the Motion ("Op." or "Opposition") (i) use vague and shifting arguments; (ii) use scorn and mockery; (iii) raise broad societal concerns (not at issue), all in a desperate attempt to have some claims survive and to transform a minor potential contract action into something more significant. Plaintiffs do not succeed; they also do not respond to many of Lovo's arguments (thus conceding these arguments). *See, e.g., Fair Hous. Just. Ctr., Inc. v. Cuomo*, 2019 WL 4805550, *16 (S.D.N.Y. 2019) (dismissing claims as arguments not addressed in the opposition brief are conceded). Most concerning is the game-playing in the AC as is evident from these few examples: (a) Plaintiffs added three claims for a "John Doe" ("consumer class") in the AC drafted to obscure if "John Doe" was a real person; in the Opposition, Plaintiffs concede "John Doe" is hypothetical, and dismiss the 4th, 5th, and 9th Causes of Action (Op. 35 n.6); (b) Plaintiffs did not tell the Court in the AC the type of copyright at issue or that Lovo had a license; (c) Plaintiffs improperly filed affidavits with the AC and when challenged (Br. 6) had no defense (Op. 18 n.4); and (d) Plaintiffs told the Court that "there were no new facts" added to the "amended complaint" (ECF 37, Tr. 7:20-21) yet they added eight new claims; some are "pretty innovative" (*id.* 6:25). This gamesmanship should not be rewarded. The entire Complaint should be dismissed.

## ARGUMENT

### I.    New York Civil Rights Law Claim Should Be Dismissed

***First,*** the law is clear that Section 51 "is to be narrowly construed." *Messenger v. Gruner*

---

[1] Terms used but not defined herein shall have the meaning ascribed to them in the Lovo's Memorandum of Law in Support of its Motion (ECF 28) ("Br." or "Brief"). Solely for purposes of this motion, Lovo accepts as true the Complaint's allegations.

*Jahr Printing and Pub.,* 208 F.3d 122, 125 (2d Cir. 2000); *see, also Barbash v. STX Financing, LLC,* 2020 WL 6586155, *2 (S.D.N.Y. 2020) (same). Plaintiffs cite to *Tin Pan Apple, Inc. v. Miller Brewing Co.*, 737 F. Supp. 826, 836 (S.D.N.Y. 1990), about "liberally construing" Section 51. This is not the law. *Tin Pan* cited language from a case quoting the **dissent** from *Stephano v. New Group Publications, Inc.,* 98 A.D.2d 287, 295 (1st Dept. 1984) (which itself was reversed).

    ***Second*,** Plaintiffs have not adequately alleged any violations by Lovo during the one-year limitations period since, *inter alia,* the period (a) began upon publication on the internet by Defendant; (b) was not renewed by remaining on the internet; and (c) was not altered by Plaintiffs discovery of publication (Br. 8-9) (*see also Wilson v. Veritas Consulting Grp. Inc.*, 2022 WL 4227145, at *4 (S.D.N.Y. Sept. 13, 2022) (Oetken, J.)) (no allegation of "the date on which the allegedly offending webpage was published, but only the date on which he 'learned' of it"). Also, the alleged public use of the actual recordings of real voices was in 2020 (Br. 10). Plaintiffs do not respond to and, thus, concede all these points. The June 20, 2023 Deadline Strike Talk podcast (Op. 7) is irrelevant as it was not published by Lovo (AC ¶¶63-68) and does not contain Plaintiff's actual voices. Plaintiffs do not allege any "republication" to a new audience or in a new format of anything (Op. 8). They argue a 2023 blog post referenced Kyle Snow, but do not allege it contained a recording. They also argue that the Kyle Snow voice was the default voice for Genny "as of July 19, 2023" (Op. 8); not only is that irrelevant, but the AC alleges this was so "from 2021" (AC ¶125). Nor does use of Genny help. As explained *infra,* "clones" do not violate Sections 50/51 and Genny was placed online prior to the limitations period (*e.g., id.* ¶¶86, 92 n.16, 125). Genny users creating digital replicas are also not actions by Lovo. Plaintiffs' cases do not help them. *See Comolli v. Huntington Learning Ctrs., Inc.,* 117 F.Supp.3d 343, 351 (S.D.N.Y. 2015) (republication of **actual recorded advertisement** to new

audience within the limitations period); *Zoll v. Ruder Finn, Inc.,* 2004 WL 42260, *2 & n.2 (S.D.N.Y. 2004) (limitations from first public broadcast of commercial, not when Plaintiffs knew).  Limitations issues can be decided on a motion to dismiss.  *See, e.g., Edmondson v. RCI Hosp. Holdings, Inc.*, 2021 WL 4499031, *1 (S.D.N.Y. 2021) (Section 50/51 allegations not timely); *Trombetta v. Novocin*, 414 F. Supp. 3d 625, 633 (S.D.N.Y. 2019) (same).

***Third,*** there is no plausible allegation that Plaintiffs' recordings were used in violation of Sections 50/51 since (a) there is no allegation actual recordings were used in advertising or trade; and (b) Sections 50/51 do not prohibit digital replicas of voices (Br. 10-12).  Plaintiffs do not respond to and concede the first argument, and do not address the main arguments for the other one.  In 2021, Section 50-f was added to Sections 50/51 to protect deceased persons.  Section 50-f(2)(a), like Sections 50/51, prohibits "[a]ny person [from using] a deceased personality's name, voice, signature, photograph, or likeness . . ." without consent.  Section 50-f 2(b) was also added (there is no comparable provision in Sections 50/51) which prohibits use of "a deceased performer's digital replica" in certain circumstances.  If voice in subsection (a) covered digital replicas, there would be no need for subsection (b).  The addition of subsection (b) shows that digital replicas are not covered by sub-section (a) or the same language in Sections 50/51. Plaintiffs disagree and cite to  *Lohan v. Take-Two Interactive Software, Inc.*, 31 N.Y.3d 111, 120 (2018) but that does not help them; there, the Court of Appeals concluded that the term "portrait" in Section 51 included a digital avatar ("a graphical representation of a person") since the definition of portrait includes both "photographic and artistic representations" including graphical representations.  *Id.*  But, the term voice is not so broad, and an alleged artificial "clone" saying something never said by Plaintiffs is not within the term "voice" in Sections 50/51.  In fact, *Lohan* affirmed (a) dismissal for use of a voice resembling plaintiff's voice (*id.* at

3

123 n.2); and (b) dismissal for an avatar "not reasonably identifiable" as plaintiff. *Id.* at 121. Their other cases also deal with "portrait or picture". *Cohen v. Herbal Concepts, Inc.*, 63 N.Y.2d 379, 384 (1984) (no violation if plaintiff "not recognizable from the picture"); *Onassis v. Christian Dior-New York, Inc.*, 472 N.Y.S.2d 254, 261 (Sup. Ct. 1984), *aff'd*, 110 A.D.2d. 1095 (1985) ("'portrait or picture' gives wider scope, to encompass a representation which conveys the essence and likeness of an individual" ). *Allen v. National Video, Inc.*, 610 F. Supp. 612, 621 (S.D.N.Y. 1985) holds no claim without use of the actual "name, portrait or picture".

**Fourth,** Plaintiffs have not plausibly pled advertising in the State of New York (Br. 12). Plaintiffs cite cases that found non-conclusory allegations, not like the AC, were sufficient.

**Fifth,** Plaintiffs admit the synthetic voice recordings are identified solely with fictitious names. Thus, there can be no actionable misuse of Plaintiffs' identity (Br. 12-13). Plaintiffs do not address Lovo's cases (Op. 9-10). Instead, they cite to inapposite cases that still find no violation "if he or she is not recognizable from the picture". *Cohen,* 63 N.Y.2d at 384.

**Sixth,** Plaintiffs have not plausibly alleged actions by Lovo which constitute advertising or trade (Br. 13). Plaintiffs argue that Lovo markets "its service" generally (Op. 12) but point to no allegations that Plaintiffs' actual voices or names were used in any of this alleged marketing.

## II.    New York GBL § 349 and § 350 Claims Should Be Dismissed

Plaintiffs voluntarily dismissed the John Doe claims (the 4th and 5th causes of action) (Op. 35 n.6); thus, Lovo here argues further for dismissal of the 2d and 3rd causes of action.

**First**, Plaintiffs have not plausibly alleged consumer-oriented behavior (Br. 14-16); they allege that they were harmed since Lovo misled them about how Lovo would use various voice recordings Plaintiffs sold to Lovo through Fiverr (AC ¶188). This allegation is about a non-actionable private dispute. Plaintiffs also allege that they are **not consumers** but sellers of their recordings to Lovo (AC ¶¶ 44-81) and admit this in the Opposition (Op. 13) but say this is

"irrelevant" (Op. 15).  They also concede that the alleged deception for which they seek damages was not itself said to consumers (*id*.) but claim Lovo mislead consumers with **different** statements about Lovo's rights.  These two concessions doom their claims as not consumer-oriented.  *See, e.g., Wood v. Mutual Redevelopment Houses, Inc.*, 2021 WL 4255054, *7-8 (S.D.N.Y. 2021) (allegations "stem" from party interactions; no "'broad impact on consumers at large'"); *Fung-Schwartz v. Cerner Corporation*, 2018 WL 4386087, *7 (S.D.N.Y. 2018) ("gravamen" of complaint is "harm to a business" not public at large); *Tasini v. AOL, Inc.*, 851 F.Supp.2d 734, 742-743 (S.D.N.Y. 2012) (deception not alleged to harm "consumers at large"); *Gucci Amer., Inc. v. Duty Free Apparel, Ltd.*, 277 F.Supp.2d 269, 274 (S.D.N.Y. 2003) ("core harm" for trademark claim is to business).  The misleading statement to consumers cannot be different from the misleading statement to Plaintiffs.  In *Casper Sleep, Inc. v. Mitcham*, 204 F.Supp.3d 632, 644 (S.D.N.Y. 2016), the "same allegedly deceptive conduct" that injured plaintiff was also "plainly geared toward consumers" *Id*.  The same is true in *Danone, US, LLC v. Chobani*, LLC, 362 F. Supp. 3d 109, 124 (S.D.N.Y. 2019) and *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995).  It is also not "irrelevant" that plaintiffs are not consumers.  The Court of Appeals has explained that GBL 349 is limited to plaintiffs who are "consumers" or "competitors".  *City of New York v. Smokes-Spirits.Com, Inc.*, 12 N.Y.3d 616, 621 (2009); *see also In re Tether and Bitfinex Crypto Asset Litig.*, 576 F. Supp. 3d 55, 131 (S.D.N.Y. 2021) (dismissing claim; no allegation plaintiffs are consumers or "direct competitors").  Plaintiffs admit they are not consumers, nor have they plausibly alleged that they are direct competitors in the same market; they have no standing.  Since they are not consumers, the alleged deceptive statements to them were not made to consumers.  Plaintiffs' cases have plaintiffs who were consumers and/or misleading statements to plaintiffs that were the same as

those that misled and harmed consumers. *See, e.g.*, *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A*, 85 N.Y.2d 20, 26-27 (1995) (alleged misleading statements to plaintiff also "potentially affect similarly situated consumers"); *see also Securitron*, 65 F.3d at 264 (same false statements alleged to harm plaintiff also harmed the public). In one case, the claim was dismissed. *Vitolo v. Mentor H/S Inc.*, 426 F. Supp. 2d 28, 34 (E.D.N.Y. 2006), *aff'd*, 213 F. App'x 16 (2d Cir. 2007) (no GBL claim for wrongs from a private business transaction).

**Second**, Plaintiffs have not plausibly alleged an actionable statement "within this state" (Br. 16). Plaintiffs argue (a) Defendants deceived Plaintiffs, as well as consumers, in New York; and (b) "any New York consumers" who saw and used Genny in New York, or who paid LOVO from New York suffice (Op. 15). Plaintiffs' messaging via Fiverr with Lovo in 2019-20 (AC ¶173) is outside the limitations period. Any alleged misconduct by Lovo occurred outside of New York. Plaintiffs have no consumer claims (having dismissed them); consumers of Genny are irrelevant. **Third**, Plaintiffs have not alleged misconduct within the three-year limitations period (Br. 16-17) and have not alleged cognizable injury (Br. 17). Plaintiffs argue consumers had losses in the limitations period (Op. 16-17), but Plaintiffs now have no consumer claims.

## III.    Lanham Act False Affiliation Claim Should Be Dismissed

**First,** Lovo argued, *inter alia,* that this claim should be dismissed since there is no allegation of ownership of a valid mark (Br. 17). Plaintiffs do not respond to and concede this point (the word trademark is not in the AC), which is sufficient to dismiss this claim. *See, e.g., Verschleiser v. Frydman, et. al.*, 2023 WL 5835031, *14 (S.D.N.Y. 2023) (dismissing because "plaintiff has not adequately alleged that he owns a valid 'mark [that] is entitled to protection.'").

**Second**, Second Circuit authority holds there can be no valid mark for a voice (Br. 18). Plaintiffs seek support from cases from other Circuits, but even those cases do not permit a trademark for a voice; they discuss a trademark for the persona of celebrities that may include

distinctive voices of such celebrities.  *See, e.g., Facenda v. N.F.L. Films, Inc.*, 542 F.3d 1007,

1011, 1014 (3d Cir. 2008) ("Facenda's deep baritone voice [was] 'distinctive,' 'recognizable,'

'legendary,' and as known by many football fans as 'the Voice of God'" and this type of voice

could be "an indicia of identity").  *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1107-1108 (9th Cir.

1992) also deals with a "celebrity's identity" and a "distinctive voice" but that case was

abrogated by *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014).

Plaintiffs are not celebrities whose voices are easily identifiable by large numbers of people, nor

have they alleged a persona.  *Midler v. Ford Motor Co.*, 849 F.2d 460, 463 (9th Cir.1988) does

not mention trademark or the Lanham Act at all.  In *Beastie Boys v. Monster Energy Co.*, 66 F.

Supp. 3d 424, 453 (S.D. N.Y. 2014), the claim was about "extensive excerpts" from "five songs,

a textual reference to the Beastie Boys, and another reference . . . to the well-known stage name"

of a Beastie Boy. *Id.*  *Beastie Boys* says that *Oliveira v. Frito–Lay, Inc.*, 251 F.3d 56, 63 (2d Cir.

2001) precludes "claiming false endorsement based solely on the use of a single song". *Id.*

    ***Third***, there can be no false endorsement claim as Lovo allegedly used fictitious names

for the artificially generated voices (Br. 19).  *See, e.g., Champion v. Moda Operandi, Inc.*, 561 F.

Supp. 3d 419, 441 (S.D.N.Y. 2021) (plaintiff is "anonymous to consumers," and

"misappropriation of a completely anonymous face [cannot] form the basis for a false

endorsement claim, because consumers would not infer that an unknown model was 'endorsing'

a product.").  There can be no claim of false endorsement without a defendant identifying a

plaintiff.  Plaintiffs claim they "allege that Defendant's conduct constitutes 'reverse passing off'"

(Op. 19).  But, there is no such allegation in the AC; the allegations here are about the misuse of

recordings, not the sale of products.  *See, e.g., Portkey Techs. Pte Ltd. v. Venkateswaran*, 2024

WL 3487735, *9 (S.D.N.Y. 2024) (Oetken, J.) (rejecting "reverse passing off" claim).

IV.    **Lanham False Advertising Claim Should Be Dismissed**

*First,* Plaintiffs did not plausibly allege the type of damages required for standing (Br. 19).  Plaintiffs argue that they have done so and only need to allege the false statement are "likely" to injure them (Op. 21-23).  Plaintiffs are wrong about the law, claim statements not in the AC, and, the allegations in the AC are insufficient. A Lanham Act false advertising plaintiff must "show economic or reputational injury . . . directly from the deception wrought by the defendant's advertising." *Portkey*, 2024 WL 3487735, *10 (quotation omitted). When, like here, there is no allegation of a comparative advertisement, "the Lanham Act requires 'some affirmative indication of actual injury and causation.'" *Id.* (quotation omitted); *see also PharmacyChecker.com v. Nat'l Ass'n of Boards of Pharmacy*, 629 F. Supp. 3d 116, 129 (S.D.N.Y. 2022) (same).  Plaintiff must allege something like a comparative advertisement with a "derogatory statement" that "explicitly" disparages plaintiff's product to allege reputational harm.  *Portkey,* 2024 WL 3487735, at *10 (citation omitted). Plaintiffs have alleged neither false comparative advertisement nor false disparaging or derogatory comments; thus, they need to (and did not) allege actual injury (reputation/loss of sales) from the false advertisements, and causation, with detail. They claim they alleged diversion of sales (Op. 22), but the only such allegation is in paragraph 206, which is conclusory (not identifying a single such lost sale).  It is also not plausible as the AC is clear that Lovo did not make any statements about Plaintiffs. Plaintiffs also claim to have alleged reputational harm (*e.g.,* AC ¶¶70-72, 182, 201-207, 246). But, these allegations are conclusory (no example of harm).  The output of Genny does not have actual voices, is not an advertisement, is not a Lovo action, and does not identify Plaintiffs.

Plaintiffs argue that they only need to allege the false or misleading statements are "likely" to injure Plaintiffs (Op. 21).  But, their main case still requires a definite injury: "the plaintiff has been injured as a result of the misrepresentation, either by direct diversion of sales

or by a lessening of goodwill associated with its products." *Conopco Inc. v. Wells Enters., Inc.*, 2015 WL 2330115, *5 (S.D.N.Y. 2015)).  Their other case, *Rescue.com Corp. v. Google, Inc.*, 562 F.3d 123 (2d Cir. 2009), does not discuss false advertising.  In *Church & Dwight Co. v. SPD Swiss Precision Disagnostics, GmBH,* 843 F.3d 48, 65 (2d Cir. 2016), unlike here, likely injury was supported by statistical analysis and other evidence in the context of "direct competitors in a sparsely populated market".  *Id.* at 71 & n.12.  It is irrelevant for this statue if a small number of people claim that a synthetic voice sounds like Plaintiffs' voice.

     ***Second,*** Plaintiffs have not plausibly alleged a material false or misleading statement in connection with advertising that violates the Lanham Act (Br. 20).  Plaintiffs argue that the false advertising claim (a) is about listing synthetic voice options using the names Kyle Snow or Sally Colemen (Op. 20); and (b) **does not** include the alleged misstatements to Plaintiffs on Fiverr.

     A challenged advertisement must be either "literally false, i.e., false on its face" or is "likely to mislead or confuse consumers".  *Red Rock Sourcing LLC v. JGX LLC*, 2024 WL 1243325, *30  (S.D.N.Y. 2024).  Plaintiffs "must also demonstrate that the false or misleading representation involved an inherent or material quality of the product (*Id.* (citations omitted)) and must be "part of an organized campaign to penetrate the relevant market" and "disseminated sufficiently to the relevant purchasing public".  *Id*.  An advertisement is literally false "'[i]f the words or images, considered in context, necessarily imply a false message,' and they do so unambiguously".  *Picket Fence Preview, Inc. v. Zillow, Inc.* 2023 WL 4852971, *4 (2d Cir. 2023).  An "impliedly false" advertisement "can be supported either 'by extrinsic evidence of consumer confusion,' or 'by evidence that the defendant intended to deceive the public through deliberate conduct of an egregious nature'".  *Id*.  None of this has been plausibly alleged here.

     Plaintiffs argue that the listing for Genny of synthetic voices under "pseudonyms" is

literally false or impliedly false (Op. 20).  To the contrary, the allegations in the Complaint confirm that Lovo created Genny which is used by third parties to generate synthetic voices (with made up names) saying things not said by anyone (AC ¶¶28-36, 94-95, 121-25).  Synthetic voices are not actual voices; the "Kyle Snow" or "Sally Coleman" voice recordings generated by Genny do not contain Plaintiffs' actual voices. Those paragraphs in the AC Plaintiffs claim have false advertisements, at most, have only one specific general allegation of falsity, the claim that Lovo represents on its website that it "respect[s] the rights of voice actors" (AC ¶33) and it "is granting full commercial rights for all content generated using its platform to users" (*Id.* ¶36) (any others in paragraph 246 are conclusory, or actually true, or a refashioning of this one specifically alleged false statement).  But, the allegations as a whole show that even these alleged statements are true: whatever rights were necessary for Lovo to "train" Genny were granted by Plaintiffs.  Lovo had permission to use their voices in the manner used, and did not need permission for Genny to generate synthetic voice recordings for users. Users received all rights in the output they created using Genny.  In any event, statements about "the right to use or distribute a work are not considered material".  *Restellini v. Wildenstein Plattner Institute, Inc.,* 2021 WL 4340824, *7 (S.D.N.Y. 2021); *see also Joint Stock Co. "Channel One Russia Worldwide" v. Russia TV Co.,* 2019 WL 804506, *8 (S.D.N.Y. 2019) (false statements of authorization "do not concern the nature, characteristics, qualities, or geographic origin").

## V.    Unjust Enrichment Claim Should Be Dismissed

Plaintiffs have withdrawn the John Doe 9th Cause of Action (Op. 35 n.6), leaving only one Unjust Enrichment claim.  Lovo argued that this claim should be dismissed as (a) the claim is preempted by Sections 50/51; (b) it is duplicative of the other claims; and (c) it is duplicative of the breach of contract claim (Br. 21-22).  Plaintiffs do not address preemption.  They argue they can maintain the claim in the alternative (Op. 23), but do not explain how their claim is

neither preempted nor duplicative.  *See, e.g., Sheiner v. Supervalu Inc.*, 2024 WL 2803030, *8

(S.D.N.Y. 2024) (unjust enrichment "pleaded in the alternative" dismissed - no explanation of

how the "unjust enrichment claim is not merely duplicative"); *Sandoval v. Uphold HQ Inc.,* 2024

WL 1313826, *11 (S.D.N.Y. 2024) (claim "'duplicates' the GBL § 349 claim"); *Pearce v.

Manhattan Ensemble Theater, Inc.,* 528 F.Supp.2d 175, 183 (S.D.N.Y. 2007) (Sections 50/51 the

"exclusive remedy for nonconsensual commercial uses of a plaintiff's name and likeness").

## VI.    Conversion Claim Should Be Dismissed

*First,* the conversion claim should be dismissed, *inter alia,* because it is preempted by the

Section 50/51 claim (Br. 23).  Plaintiffs do not respond to and concede this argument.

*Second,* Plaintiffs cite to no case finding conversion of a voice, an intangible thing.

Plaintiffs instead claim support from *Thyroff v. Nationwide Mut. Ins. Co.,* 8 N.Y.3d 283, 293

(2007).  But, *Thyroff* is only expanding conversion to "electronic records that were stored on a

computer" and were like "printed documents". *Id.* This does not include a voice.  Their other

cases are like *Thyroff.  See, e.g., Clark St. Wine & Spirits v. Emporos Sys. Corp.*, 754 F. Supp. 2d

474, 484 (E.D.N.Y. 2010) (conversion of electronic credit card information consistent with

*Thyroff*); *Astroworks, Inc. v. Astroexhibit, Inc.,* 257 F.Supp.2d 609, 618 (S.D.N.Y. 2003)

(conversion of website ok as website was "tangible").  "New York courts have 'consistently

dismissed common law claims' of conversion 'based on an unauthorized use of an attribute of

identity,' as such claims "do[ ] not exist, other than under the Civil Rights Law'".  *Frost &

Miller, LLP v. Heaven's Way Investment Trust, et. al.,* 2024 WL 4648015, *4 (S.D.N.Y. 2024).

*Third,* "Plaintiffs did not own the voice of Sally Coleman and Kyle Snow" (Op. 25);

thus, there is no conversion.  *Fourth,* Lovo argued (Br. 23) that Plaintiffs do not plausibly allege

that Lovo exercised domination over Plaintiffs' actual voices to the alteration of its condition, or

the exclusion of Plaintiff's rights. *See, e.g., Lopez v. BigCommerce, Inc.,* 2017 WL 3278932, *5

(S.D.N.Y. 2017) (Oetken J.) (no "[u]nauthorized dominion and control to the complete exclusion of the rightful possessor"). Plaintiffs control and can use their actual voices and recordings.

*Fifth*, this claim is duplicative of the contract claim and should be dismissed.

## VII.    Fraud Claim Should Be Dismissed

The fraud claim should be dismissed because (a) the alleged fraud was simply a future intent not to perform a contract (Br. 23-24); (b) Plaintiffs do not meet the heightened rule 9 pleading standard; and (c) there is no adequate allegation of reliance or intent to defraud (Br. 24-25). Plaintiffs provide only perfunctory responses (Op. 26-27). Plaintiffs state that "Defendant made material representations about how Plaintiffs' voices would be used (for academic research and test radio ads); Defendants knew that the voice recordings would be used for other purposes" (Op. 26). This is a clear statement of future intent not to perform a contract. Plaintiffs also do not explain how they meet the heightened pleading standard. Plaintiffs' recordings themselves were not used publicly ("Lovo used Plaintiffs' recording to extract their voices, and then used them in other formats publicly" (Op. 27) (allegation show Genny does not "extract" voices).

## VIII.    Breach Of Contract Claim Should Be Dismissed

*First*, Plaintiffs do not plausibly allege binding contracts (Br. 26-27); they do not explain where they have alleged offer, acceptance, consideration, mutual assent, and intent to be bound for all the alleged terms of the contracts between Lovo and Plaintiffs. Plaintiffs note that you do not need a formal written agreement or oral contract (Op. 28). Lovo agrees, but without either of those, there is a need to clearly allege each of these other elements. *Davis v. Dynata, LLC,* 2023 WL 6216809, *22 (D. Conn. 2023) does not apply New York law, and limited its holding to the employment context stating greater specificity would be needed outside the "employment context". *Id.* In *Laufer Grp. Int'l, Ltd. v. Standard Furniture Mfg. Co., LLC,* 2020 WL 4735123, *5 (S.D.N.Y. 2020) (Oetken, J.), the Plaintiffs alleged that there were "bills of lading",

i.e., "contracts of carriage for the transportation at issue". *Id.* Thus, unlike here, there was a written contract. Here, there is no written contract and no allegation of offer, acceptance, consideration, mutual assent, and an intent to be bound. Plaintiffs also did not know their counterparty (tomlsg and User25199087). In *Adson5th, Inc. v. Bluefin Media, Inc.,* 2017 WL 2984552, *4 (W.D.N.Y. 2017) both parties knew with whom they were contracting. *Id.*

**Second,** Plaintiffs now concede that the alleged use limitation was not part of any original contract, but now claim that it was part of a modification of the original contract (Op. 30). Plaintiffs do not allege modification including consideration and mutual assent.

**Third,** if the use limitation is included, then the Statute of Frauds applies, as these limitations are alleged to extend beyond one year, and its requirements have not been met (Br. 27-28). Plaintiffs argue (a) the one-year period applies only to the delivery of the recordings; or (b) the use limitations were capable of performance within a year (Op. 30). But, the one-year period cannot be limited to delivery if the use limitation is part of the contract; if the limitation continues beyond one year, the contract is not capable of being performed in one-year.

## IX.    Copyright Claims Should Be Dismissed

Plaintiffs allege that in June 2024 they registered copyrights for the various sound recordings of them reading short texts provided by Lovo, which they sold to Lovo in 2019/2020. Plaintiffs copyright claims do not provide the necessary detail for infringement claims of a sound recording, and, as a threshold matter, these short non-descript recordings are likely not protectible at all, and the copyright cannot and does not protect the "voice" itself.

**First,** Lovo had a license to use the recordings via the Fiverr terms of service (Br. 28). Plaintiffs acknowledge a license did exist (Op. 33) but claim without explanation that it did not cover the alleged infringing activity. The terms of the license are broad and cover the alleged activity. Plaintiffs now claim that Lovo never purchased two additional optional packages for

"paid marketing and commercial" (*id.*)this does not matter as the general license is sufficient. Plaintiffs do not allege use of the copyrighted material in any **paid** marketing or commercial.

 ***Second,*** Plaintiffs did not register the copyrights prior to filing this action and thus this action should be dismissed (Br. 29-30). Plaintiffs cite to cases from another Circuit holding that dismissal could be without prejudice (one court did not dismiss to save judicial resources). But, in this district, many courts dismiss with prejudice. *See, e.g., Mayers v. Racino*, 2024 WL 3729020, *4 (S.D.N.Y. 2024) (dismissing with prejudice); *Johnson v. UMG Recording, Inc.*, 2024 WL 5278581, *11 (S.D.N.Y. 2024) (not registering before filing suit "'cannot be cured through amendment and thus warrants dismissal of the case' with prejudice."); *Zonis v. Grubman*, 2022 WL 597447, at *2 (S.D.N.Y. Feb. 28, 2022) ("failure to register a copyright cannot be cured after a lawsuit has been filed"). This court should dismiss with prejudice.

 ***Third,*** the 2020 alleged violations are not in the 3-year limitations period (Br. 30).

 ***Fourth,*** Plaintiffs' copyrights are for "sound recordings" (Br. 31-32). Under §106 and §114, the exclusive rights for a sound recording are limited to 17 U.S.C. §106(1), (2),(3), (6). *See* 17 U.S.C. § 114 (a), (b). The rights to (a) duplicate and (b) prepare a derivative work - are each limited to manipulation of "the actual sounds fixed in the recording" and do not include new words/sounds or sounds that "imitate or simulate". *Id.* Distributing and performing are limited to the actual copyrighted work (if it is protected). Plaintiffs have not plausibly alleged direct infringement of a sound recording since (i) the allegations of direct infringement are conclusory; (ii) there is no plausible allegation of infringement by publicly using 13 words from a sound recording as allegations are non-specific, do not identify what is protected or how this could be protected; (iii) there is no plausible allegation of infringement for using recordings to train Genny; and (iv) there is no plausible allegation of infringement from the recordings Genny's

14

users create, in part, since voices are not copyrightable, and digital replicas cannot be infringing (*see* Br. 31-35). Plaintiffs do not address all these arguments and none of the cases.

The Complaint has no discussion of what type of copyright was obtained, the contents of the recordings, what elements were protectible, what type of infringement occurred, what recording was infringed, and what, if any, protected material was copied, reproduced, distributed, displayed, or performed. The only specific example of actual copying is described conclusorily in the Complaint, but the link provided shows that only 4 seconds (13 words) of 5+ minute video is allegedly from one of Sage's copyrighted recordings. There is no allegation why these 13 words are protectible or how this use infringes the copyright. *Cf. Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 131 (2d Cir. 2003) (plaintiff must show "that the amount that was copied is 'more than de minimis.'"). The words said by either plaintiff were provided by Lovo. In any event, it is the audio file itself that is copyrighted, not the "voice". Using a sound recording internally to train Genny does not violate §106(1), (2), (3), or (6). Nor can there be any infringement from output from Genny created by non-parties because there is no element of the *actual* sound recording used by Genny's output. Plaintiffs claim that the Complaint "identifies the works [recordings] in detail" (Op. 31). But, it does not do so. Plaintiffs cite a few irrelevant cases in their response to the argument about direct infringement.

**X.   Unfair Competition Claim Should Be Dismissed**

The Unfair Competition claim fails as described in our Brief (Br. 35).

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court grant Defendant's Motion to Dismiss the Amended Class Action Complaint in its entirety with prejudice.

Dated: January 31, 2025

RIMON P.C.

15

By:     */s/Michael S. Lazaroff*

Michael S. Lazaroff
400 Madison Ave, Suite 11D
New York NY 10017
646-738-4151
michael.lazaroff@rimonlaw.com

David E. Case
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
408-512-2239
david.case@rimonlaw.com

William W. Bergesch
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479 – 6300
william.bergesch@rimonlaw.com

*Attorneys for Defendant Lovo, Inc.*

16